IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | |
| | : | 1:16-CR-172-AT-JFK |
| GRANT KIDD, JR. | : | |
| Defendant. | : | |
| | : | |

## **CORRECTED ORDER**[1]

Defendant's Motion to Dismiss for Pretrial Delay (Doc. 61), filed pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.,* is currently before the Court. The Government agrees with the Defendant that the current criminal Indictment should be dismissed based upon the delay in conducting a trial but disagrees with Defendant's contention that the Indictment should be dismissed with prejudice. (Doc. 62.) Similarly, the Government disagrees with the Defendant's position that the Court should authorize a new motion to suppress hearing to allow Defendant to present supplemental evidence in support of his suppression motion, beyond that presented at his hearing conducted on September 7, 2016. For the following reasons, the Court **DISMISSES WITHOUT PREJUDICE** the Indictment in this case and authorizes the Defendant to file anew his motion to suppress and

---

[1] The original version of this Order published June 15, 2018 included an error. The text "WE DO" appeared in the middle of the first paragraph, the result of a typo upon the uploading of the Order. This error has been corrected herein.

have the opportunity to present evidence and argument not previously presented in support of his motion, along with any previously tendered evidence.

The Court finds that the time delays in the Court's ruling on the Magistrate Judge's Report and Recommendation on Defendant's motion to suppress (Docs. 15, 16, 35, 36) and proceeding with the trial exceeded that authorized by the Speedy Trial Act. The Court notes that while both parties filed motions to continue the trial in the last six months *after* the Court issued its Order adopting the Report and Recommendation ("R&R") on Defendant's suppression motion (Doc. 44, 45, 48), most of the delay is attributable to the time taken by the Court in issuing its Order regarding the R&R (Doc. 44).  The last continuance of the trial resulted from the Court's careful evaluation of Defendant's Motion in Limine (Doc. 57, 59)(filed April 20, 2018) and its impact on the Court's orderly and fair handling of the trial scheduled to commence on May 14, 2018. While the Court has endeavored to handle this case in an equitable and just manner, the Court recognizes that the Speedy Trial Act 70-day timeline, even considering proper exclusions, has been clearly exceeded and the Indictment must be dismissed. 18 U.S.C. § 3161(c)(1).

As such, the Court must determine whether to dismiss with or without prejudice. The three principal factors that must be considered in assessing whether to dismiss an Indictment with or without prejudice based on a Speedy Trial Act violation are:  (1) the seriousness of the Defendant's offense conduct; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of reprosecution on the administration of the Speedy Trial Act.   18 U.S.C. §

Case 1:16-cr-00172-AT-JFK   Document 68   Filed 07/25/18   Page 3 of 6

3162(a)(2); *United States v. Jones*, 601 F.3d 1247, 1257 (11th Cir. 2010); *United States v. Knight*, 562 F.3d 1314, 1323 (11th Cir. 2009). Neither sanction of dismissal with or without prejudice has preference; the proper dismissal sanction in each case is left to the exercise of the discretion of the trial judge after consideration of the above factors. *Knight*, 562 F.3d at 1322.

In the instant case, the Government's charge of corruption of a law enforcement officer (Defendant) in the conduct of his official duties based on alleged attempted bribery involves a serious offense because such conduct affects the integrity of the law enforcement process and is of public import. The small amount of funds involved allegedly sought by the Defendant here ($1500.00) does not erase this fundamental concern. The Government therefore properly argues that while the alleged crime here was not violent, the integrity of law enforcement officers remains a vital public interest and that the first factor weighs in favor of a dismissal without prejudice.

Secondly, the Court considers the length of the trial delay and related issues here as part of the circumstances of the case in assessing whether the Indictment should be dismissed with or without prejudice. Based on the Court's knowledge of the course of the proceedings, the Court cannot attribute the delay here to any material negligence on the part of the Government[2] or the Defendant. The Court cannot find that the Government seriously contributed to the delay of trial or

---

[2] Though clearly not any form of legal justification, the reality is that the criminal docket is very heavy in this Court – and it impacts both sets of experienced counsel for the parties in this case and the Court in moving cases forward.

3

noncompliance with other procedural requirements. However, the Court has considered the year delay in its own issuance of its decision to adopt the R&R, as well as shorter delays, as it has evaluated and balanced the factors determinative of whether to dismiss with or without prejudice.

Under the third factor, the Court looks at the impact of reprosecution on the administration of the Speedy Trial Act. *See United States v. Godoy*, 821 F.2d 1498, 1506-07 (11th Cir. 1987) ("In some ways, this third factor is a restatement of the other two. . . . [It] permits each side to submit any relevant consideration not covered by the other two statutory factors"). Despite the lengthy delay, the Court still cannot find that the Defendant was actually prejudiced in his defense or otherwise by the delay in his trial. The Defendant has been on bond the entire time since his arrest. Thus, Defendant's day-to-day life conditions have not been affected nor has Defendant been impaired in his ability to collaborate with counsel in the preparation of his defense. While the Court recognizes the psychological toll on the Defendant of the pending indictment, as the Government notes, his circumstances in this regard are not special or different than those faced by other defendants undergoing criminal prosecution.

Similarly, Defendant has made no showing that witnesses have disappeared or died or that other evidence has vanished. Nor has the Defendant shown that the delay here was the result of the Government's use of delay to gain a tactical advantage in the prosecution of the case or alternatively, that the Government actually obtained any tactical advantages as a result of the delay. *Knight*, 562 F.3d

at 1323 (dismissal without prejudice was warranted when the delay was not attributable to either party and there was no showing defendant was prejudiced by delay).

As noted above, the decision to dismiss with or without prejudice under these circumstances falls within the sound discretion of this Court, as neither is preferred under the Speedy Trial Act, as construed by the Eleventh Circuit. *United States v. Russo*, 741 F.2d 1264, 1266-67 (11th Cir. 1984). Weighing all of the controlling factors and evidence at issue, the Court concludes that dismissal without prejudice is appropriate.

As the Government notes in its brief, that while the Court specifically raised the possibility of scheduling the case post-haste in June 2018, if dismissal and re-indictment occurred, Defense counsel made clear that he would like to raise additional evidentiary information and issues in a motion to suppress hearing in the event of re-indictment.  Although the Government objects to a new expanded suppression hearing to consider the issues in the context of additional evidence and/or arguments, the Court finds that it is fair and appropriate to allow such a hearing if and when a new indictment  is brought, particularly given the circumstances presented here.

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** the indictment in this case.  In the event the Government re-indicts the Defendant, he shall be afforded the right to pursue and obtain hearings on any motions to suppress filed.  While the Court and Magistrate Judge may ultimately

reach the same or similar evidentiary and legal conclusions as each did before (or not), the Court shall consider all evidence and argument de novo.

**IT IS SO ORDERED** this 25th day of July, 2018.

_____
**Amy Totenberg**
**United States District Judge**